IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, for and on behalf of Triad Mechanical Contractors, Inc., and Triad Mechanical Contractors Inc in its individual capacity | ) ) ) ) ) | CIVIL ACTION NO.: 2:23-cv-00606-DCN |
| Plaintiff, | ) ) ) | **COMPLAINT** (Miller Act Bond Claim)(Breach of Contract) |
| v. | ) ) | |
| Drace Construction Corp, and John Doe (a fictitious name representing one or more unknown surety companies underwriting the payment and performance bond). | ) ) ) ) ) | |
| Defendants. | ) ) | |

COMES NOW Plaintiff, United States of America for the use and benefit of Triad Mechanical Contractors, Inc. and Triad Mechanical Contractors Inc in its individual capacity (hereinafter, "Triad"), which brings this action, and shows unto this Honorable Court the following:

## PARTIES

1. Triad is a corporation duly organized and existing under the laws of the State of South Carolina.

2. Defendant Drace Construction Corp (hereinafter "Drace") is a corporation duly organized and existing under the laws of a State other than South Carolina, having an address at 922 Porter Ave, Ocean Springs, MS 39564 and other locations; who conducts business within the State of South Carolina.

3.  Defendant Drace, acted as the Prime Contractor on the project commonly known as
    NAVFAC Southeast ROICC Charleston, SC; B-198 LAB 141 Repair SPAWAR Joint Base
    Charleston, SC (hereinafter "the Project".)

4.  Triad acted as a Subcontractor to Defendant on the Project.

5.  Defendant North America Specialty Insurance Company (hereinafter "NASIC") is a
    corporation duly organized and existing under the laws of a State other than South Carolina,
    who conducts business within the State of South Carolina.

6.  Defendant John Doe is a fictitious name representing one or more currently unknown
    corporations duly organized and existing under the laws of a State other than South Carolina,
    who conduct business within the State of South Carolina which, issued the payment bond to
    Drace as required by the Miller Act to guarantee payment for services, labor and material
    performed by subcontractors on the Project.

JURISDICTION AND VENUE

7.  Triad realleges the allegations contained in the preceding paragraphs as if fully set forth
    herein.

8.  Plaintiff demands a trial by jury.

9.  This claim is brought in the name of United States of America for the use and benefit of
    Triad pursuant to 40 USC 3133(b)(3)(A), and by Triad in its own right, to recover amounts
    due it pursuant to a subcontract and a Miller Act payment bond.

10. This court has jurisdiction of this action pursuant to 40 USC 3131 and 3133.

11. All acts and omissions giving rise to this Complaint took place in Charleston County, South
    Carolina.

12. Triad performed work on the Project from 2019 through 2022, which is within one year of the filing of this Complaint.

13. Venue is proper in this judicial district because the claim arose and the work was performed in the District of South Carolina.

FACTUAL ALLEGATIONS

14. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

15. Drace entered into a contract with the Federal Government on the Project, ie Contract No.: 17N292 Building B-198 Renovation.

16. In connection with the work on the Project, Drace entered into a subcontract with Triad (hereinafter "the Subcontract") to provide certain labor, materials, and equipment relating to the HVAC work on the Project.

17. Triad supplied labor and materials on the Project in performance of its obligations under the Subcontract and as directed by Drace.

18. Triad provided labor and materials on the Project within one year of the date of the filing of this Complaint.

19. During the course of the Project, the Owner made a material change to the scope of work by directing Drace to change certain previously approved equipment to different equipment, after delivery of the original equipment.

20. The original approved equipment could not be returned to the manufacturer for a refund because the equipment was "custom, built-to-order, project-specific units that were not stock items"; according to the manufacturer's representative.

21. This change in equipment entitled Triad to a change order pursuit to its Subcontract.

22. Triad timely requested compensation arising out of this material change in the work.

23. Drace agreed that this material change in the work was compensable under the contract documents and submitted a change request to the Owner.

24. On February 13, 2020 the Owner rejected the claim and instructed Drace to proceed with the change.

25. On or about April 22, 2020, Drace notified Triad via email of the following; "Our REA was denied locally by Ms. Wanda Greene. We must proceed under protest and file a claim with Jacksonville. You are hereby directed to release the units. In good faith, Drace will accept 50% of cost exposure related to the units until resolved. We must complete the contract. We can schedule a call later but wanted to update you."

26. On July 21 2020 Drace issued change order no. 6 in the amount of $40,575.00; which is equal to 50% of Triad's out of pocket cost for the new changed equipment; even though Triad was entitled to 100% of Triad's out of pocket cost plus overhead and profit markup.

27. At no point in time did Triad ever waive its rights to be paid in full for the cost of the equipment, nor did Triad ever waive its rights to be paid overhead and profit on the cost of the changed equipment.

28. Triad and Drace completed the work of the Project, under protest.

29. Triad has not been fully compensated for the material change in the scope of work of its subcontract on the Project, even though the details and amounts of its claim were timely submitted.

30. Triad is entitled to be paid the balance of its subcontract, and is entitled to the additional compensation arising out of the Owner's directive to change the equipment after the original approved equipment was delivered in the amount of the unpaid balance of $40,575.00 for

50% of the out of pocket expense to purchase the changed units, plus $12,172.50 in overhead and profit on the $81,150.00 of additional equipment resulting from the change.

31. Upon information and belief, Drace is still actively pursuing recovery from the Owner through administrative and litigation processes.

## FOR A FIRST CAUSE OF ACTION

### Breach of Contract as to Defendant Drace

32. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33. The Government and Drace entered into a federal government construction contract, whereby Drace contracted to perform repairs on the Project as more fully set forth in the prime contract relating to the Project.

34. Drace and Triad entered into the Subcontract whereby Triad agreed to supply certain labor and materials to the Project in exchange for monetary compensation.

35. Triad supplied labor and materials on the Project in performance of its obligations under the Subcontract and as directed by Drace.

36. During the course of the Project the Owner made a material change, specifically directing the change of certain equipment, after the original approved equipment was delivered.

37. Triad timely submitted a request for a change order (ie additional compensation) in the amount of $93,322.50.

38. Drace has only partially compensated Triad for the amount of the change order; and there remains a substantial balance owed.

39. Specifically, Drace compensated Triad in the amount of $40,575.00 out of $93,322.50; leaving an unpaid sum of $52,747.50.

40. Drace has breached the Subcontract with Triad in one or more of the following particulars:

    a.   Failing to pay Triad the full balance owed on the Subcontract for material changes to the work of the Project Triad was directed by Drace to perform;

41. The failure by Drace to pay Triad in full is a material breach of the Subcontract.

42. The balance currently due and owing by Drace to Triad for work performed under the Subcontract, net of any and all credits and deductions, and prior payments is $52,747.50. This is equal to $40,575.00 (for 50% of the out of pocket expense to purchase the changed units, plus $12,172.50 in overhead and profit on the $81,150.00).

43. As a direct and proximate result of the breach by Drace, Triad has been damaged and is entitled to actual damages, plus interest, costs and attorney fees.

FOR A SECOND CAUSE OF ACTION

Miller Act Bond Claim as to Defendants, John Doe

44. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

45. Pursuant to the terms of the Subcontract, Triad submitted change order / change directive requests for equitable adjustment; as well as pay applications to Drace for balances properly due under the Subcontract.

46. Defendant sureties, have issued surety bonds which guaranty payment to subcontractors for amounts due for labor, materials, and equipment on the Project.

47. Despite repeated demands for payment, Drace has failed to pay the amount due.

48. As a direct and proximate result of Drace's failure to pay Triad for its labor, materials, equipment and services provided in connection with the aforesaid Subcontract, and pursuant to the terms of the Miller Act; Triad is entitled to payment from the sureties in the amount of

$52,747.50. This is equal to $40,575.00 (for 50% of the out of pocket expense to purchase the changed units, plus $12,172.50 in overhead and profit on the $81,150.00).

49. Triad has also incurred interest, attorney fees and costs as a result of Drace's breach of contract, entitling Triad to recover its these per contract or at law.

### FOR A FOURTH CAUSE OF ACTION

### Interest Under South Carolina Code 29-6-50 as to all Defendants

50. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

51. Defendants were served with notice of Triad's rights pursuant to SC Code 29-6-50 contemporaneously with this Complaint and A-Plus  previously received payment from the Government for compensation due Triad under the Subcontract without paying Triad within the time specified by SC Code 29-6-50.

52. As a result, all of the Defendants owe Triad statutory interest at a minimum rate of 1% per month until payment is made.

### FOR A FIFTH CAUSE OF ACTION

### Statutory Pre-Judgment Interest 34-31-20

53. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

54. All Defendants shall be liable for interest in an amount not less than as is defined by SC Code 34-31-20.

### FOR A SIXTH CAUSE OF ACTION

### Attorney Fees SC Code 27-1-15

55. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

56. All Defendants are being served with a notice consistent with SC Code 27-1-15 contemporaneously with this Complaint.

57. Failure to pay the balance owed within the statutory period entitles the Plaintiff to judgment against all Defendants for the Plaintiff's attorney fees.

## FOR SEVENTH CAUSE OF ACTION

### Statutory Interest Pursuant to FAR

58. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

59. Federal Acquisition Regulations provide that the Government shall pay interest according to statute on any balance that is past due or any successful claim upon disputed sums.

60. Triad is entitled to compensation in the form of statutory interest for having been involuntarily compelled to finance the work on behalf of the government.

## FOR AN EIGHTH CAUES OF ACTION

### Quantum Meruit

61. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

62. Pursuant to contract requirements, Triad presented submittals for the original equipment which was approved by the design professionals acting as agents for the Owner.

63. After receipt of delivery of the approved equipment, the Owner, by and through an agent who was not a design professional on the project, rejected the approved equipment and

directed the Contractor, who directed the Plaintiff, to purchase and install different equipment than was previously approved by the Owner's agents.

64. The Plaintiff has not been paid for the cost of this additional equipment which is a change from what was approved and originally delivered.

65. The original approved equipment was custom manufactured for the Project, and could not be returned or reused for another purpose.

66. It is unequitable for the Plaintiff to provide the new equipment, valued at $93,322.50, to the Owner, by and through the Defendant, without compensation.

67. It is unequitable for the Plaintiff to be compelled to suffer the loss of property in the form of equipment valued at $93,322.50; which is for the benefit of the Owner, by and through the Defendant, without compensating Plaintiff.

68. Plaintiff is entitled to Restitution / Quantum Meruit in the amount of $93,322.50.

ADDITIONAL FACTORS REGARDING PROCEDURE

69. The subcontract between Triad and Drace is subject to binding arbitration, and requires mediation prior to final hearing in a binding dispute resolution procedure.

70. This civil action is being filed in the District Court for the District of South Carolina within twelve months in order to comply with the requirements of the Miller Act, but Plaintiff recognizes that some elements of this case may be subject to arbitration under the Federal Arbitration Act. To the extent required by contract, this Complaint should additionally be construed as a demand for arbitration.

71. Upon information and belief, Drace is actively pursuing claims against the Owner arising out of the change in equipment on the Project; however, Triad has not received any update on the status since October 2022.

WHEREFORE, the Plaintiff, Triad Mechanical Contractors Inc, prays for judgment against the Defendants in an amount equal to $52,747.50 Dollars; plus attorney fees, costs, interest, and for such other and further relief as the Court deems just and proper.

Laquiere Legal Services LLC

___/s/ Eric B. Laquiere_____
Eric B. Laquiere
SC Bar No. 71177
SC District Court Bar 09529:
3674 Old Charleston Hwy
Johns Island, SC 29455
843-556-2958
888-745-8449 fax
eric@laqlaw.com
Attorney for the Plaintiff
Triad Mechanical Contractors, Inc.

Charleston, South Carolina
February 10, 2023